-In an action for separation, order granting reargument and on reargument awarding temporary alimony in the sum of $400 a month and a $750 counsel fee affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order granting counsel fees and alimony pendente lite and to deny the motion on the ground that plaintiff’s moving papers do not show a reasonable probability of success in her action for a separation, with the following memorandum: It must at all times be borne in mind that everyone concedes that the plaintiff is mentally ill. Her doctor swears that one of the symptoms of her illness is a “ tendency to irregular periods of unreasonable anger.” The action was precipitated when the husband notified his wife and the sanitarium at which she was staying at a cost to him of $1,000 per month, that he was no longer able to maintain her there. She, her attorney, and the hospital authorities insist she stay at Chestnut Lodge Sanitarium in Rockville, Maryland. Theirs is not the choice. The couple are living apart because of the necessity of her hospitalization. His insistence that she go to a less expensive institution in New York is not an abandonment. Although there is reference in one of the husband’s letters that the couple had agreed, before she went to a hospital, that they could not live together, there is no denial by the wife of the truth of this statement. She does not ask to go back home or allege that her husband has refused to take her. She insists on staying in Maryland. He swears “ She was and still is at liberty to return to my home and take up residence there together with me at any time that she is advised by the doctors in charge of her ease that she is free to leave any institution for mental disorders.” Doctor Stanton of Chestnut Lodge says she needs hospitalization. As I read his affidavit, he cannot say what is wrong with her but Chestnut Lodge Sanitarium is the only place she can be cured. If there is an abandonment here, it is on the part of the wife and the husband is under no obligation to support her until she indicates that she is willing to accede to his request that she enter a less expensive institution in this State. [See post, p. 930.]